[No. 36477.   Department Two.   August 23, 1962.]

*In the Matter of* KARL ROY IVARSSON.

E. K. HARRISON *et al., Appellants,* v. KARL ROY IVARSSON, *Respondent.**

*Hennings, Maltman & Weber,* for appellants.

*Bogle, Bogle & Gates, Thomas L. Morrow,* and *Don Paul Badgley,* for respondent.

HUNTER, J.—This is an appeal from a dismissal of a petition to vacate and set aside a decree of adoption.

The petitioners, E. K. Harrison and Jane W. Harrison, are the step-grandfather and paternal grandmother, respectively, of Victoria Harrison, a minor, nine years of age at the commencement of this action. Edward M. Harrison, the father of the minor, died October 8, 1951, leaving an estate to Victoria now valued in excess of $2 million. In 1952, the minor's mother, then Julianne Vance Harrison, married Karl Roy Ivarsson, the respondent in this appeal.

By reason of a final decree entered in the Superior Court

*Reported in 374 P. (2d) 179.

for King County on January 20, 1954, Victoria became the adopted daughter of the respondent. Since 1955, the respondent has had his home and business in Zermat, Switzerland. The respondent, his wife Julianne, five children born from the marriage and Victoria live there at the present time.

In March, 1961, the petitioners commenced their action to vacate the adoption decree entered in January, 1954. The respondent was personally served with summons and petition at his home in Switzerland. Briefly, the substance of the petition to vacate is that the superior court which entered the adoption decree did not have jurisdiction over the subject matter because of noncompliance with the requirements of the adoption statutes, and that the adoption decree was obtained through fraud of the respondent as petitioner in the adoption proceeding.

In his first response to the petition, the respondent moved to dismiss on various grounds, one of which was that the court was without jurisdiction over the person of the respondent. Initially, the trial court ruled that jurisdiction over the person of the respondent was not acquired and concluded that the service of process should be quashed. Subsequently, when the respondent presented the trial court with a written order embodying this ruling, he requested an allowance for costs and attorneys' fees. The petitioners then argued, and the trial court agreed, that having requested affirmative relief by way of an allowance for attorneys' fees, the respondent had submitted his person to the jurisdiction of the court. Reaching the other motions raised by the respondent, the trial court dismissed the petition to vacate on the grounds that (1) the petitioners do not have standing to maintain the suit and (2) the petition fails to state a claim upon which relief can be granted.

Since we conclude that the trial court correctly held the petitioners are without standing to maintain the suit, it is not necessary to discuss the other issues raised on this appeal.

The petitioners have admitted in argument that their sole purpose in instituting this proceeding is to aid Victoria. Their concern is for her welfare and they are not actually interested in asserting any pecuniary rights of their own. Consequently, they contend that their right to bring the petition to vacate rests upon the "fundamental and unique nature of an adoption proceeding." It is argued that the court's primary concern in an adoption proceeding is for the child's welfare and interested persons, especially a blood relative, ought to be able to bring a suit in equity calling the court's attention to its lack of jurisdiction in the adoption proceeding and the fraud practiced by the adoptive father.

If it could be conceived that under certain circumstances a blood relative's concern for a child's physical welfare could suffice as a basis for standing to institute an action to vacate an adoption decree, we are satisfied those circumstances do not exist here. In order for this contention to have any merit at all, the petitioners must show that Victoria's physical welfare will be advanced by a vacation of the adoption decree. The circumstances of the persons actually involved in the controversy between the parties to this appeal make it clear that, in practical terms, the status of Victoria will not be changed by a vacation of the decree. She now lives in Switzerland with her natural mother, the respondent, and the five children who are her half brothers and half sisters. If the adoption decree were to be vacated, she will remain in the legal custody of her mother and live under the same conditions as she does now. The instant proceeding is inappropriate for accomplishing the removal of Victoria from her present environment, if that be proper. The only change which would occur as a result of a vacation order would be to change the status of the father to stepfather, and remove the possibility of his inheriting Victoria's wealth by the laws of descent and distribution. We do not see how this last factor can have any reasonable connection to the petitioners' concern for the child's physical, mental and educational welfare.

The petitioners next contend that their right to institute

the action can rest on the fact that the petitioner Jane Harrison, as grandmother, is a presumptive heir of the child and her possibility of inheritance is decreased by the respondent's status as adoptive father.

The petitioners rely on the case of *Platt v. Magagnini,* 110 Wash. 39, 187 Pac. 716 (1920), to support their right to challenge the validity of the adoption decree. In that case a grandfather filed a petition, more than a year after the final decree, to vacate the adoption of his granddaughter (deceased at the time of the petition to vacate) by Magagnini. This court stated:

" . . . In a direct proceeding such as this, where it is charged that the court proceeded without jurisdiction and that the order of adoption was obtained by fraud, the matter may be inquired into in an action by an heir of the adopted child subsequent to its death. . . ."

The petitioner in the *Platt* case had standing because a vacation of the adoption decree would place him in the position of an heir to the deceased child's estate. He therefore had a pecuniary or property interest adversely affected by the adoption decree. In the instant case, the petitioner Jane Harrison, the grandmother, is a very remote presumptive heir of the minor. If the adoption decree were to be vacated, according to the laws of descent and distribution, her right to inherit Victoria's estate would be dependent upon her surviving Victoria, the mother and the five children born to Julianne and Karl Ivarsson. It is our conclusion that such a remote contingency is not sufficient to constitute a property interest upon which to base the right to challenge the adoption decree.

In the case of *In re Blake,* 21 Wn. (2d) 547, 151 P. (2d) 825 (1944), the court held an adoption was void for failure to give adequate notice as required in the adoption statute. We there held the putative father had no standing to challenge the validity of the adoption proceeding because he had no rights that were adversely affected by the order of adoption. We said:

"It follows that Linda Lee Blake was not legitimized in contemplation of § 3 of the adoption statutes; conse-

quently, no right of appellant's was adversely affected by the order of adoption, and he is in no position to challenge its validity. . . ."

In the instant case, we find no rights of the petitioners to have been adversely affected by the adoption decree. The petitioners are without standing to challenge its validity.

The order of dismissal of the trial court is affirmed.

FINLEY, C. J., HILL, WEAVER, and HAMILTON, JJ., concur.