[No. 40248. En Banc. December 18, 1969.]

HENRY N. ANDERSON, *Appellant,* v. KARL R. IVARSSON *et al.,* *Respondents.* *

*John F. Raymond,* for appellant.

*Reported in 462 P.2d 914.

*Bogle, Gates, Dobrin, Wakefield & Long, William M. Gingery,* and *Thomas L. Morrow,* for respondents.

HAMILTON, J.—Respondents, Karl and Julie Ivarsson, are residents of Switzerland. In January, 1968, they came to this state for the purpose of attending a hearing in a guardianship matter involving their daughter, Victoria Harrison Ivarsson, a minor. Mrs. Ivarsson, a coguardian in the proceeding, was required to attend the hearing by direction of the superior court. Mr. Ivarsson was in attendance as a witness at the request of counsel for the guardianship estate. During a mid-morning recess of the hearing respondents were served with a summons and complaint whereby appellant sought judgment on an outstanding promissory note signed by Karl Ivarsson in 1960, which, the complaint alleged, represented a loan of money to the Ivarssons to cover their traveling expenses in attending an earlier hearing in this state with respect to Victoria.

Respondents moved to quash the service of the summons and complaint upon the grounds that they, as nonresidents of this state, were immune from service of process while attending upon a judicial proceeding within this state. The motion was submitted upon affidavits which, together with appellant's complaint, set forth the foregoing undisputed circumstances.

The superior court granted the motion and by order quashed the service of process on respondents.

■ On appeal appellant concedes that in *State ex rel. Gunn v. Superior Court,* 111 Wash. 187, 189 P. 1016 (1920), this court, by an en banc decision, adopted the nigh universal rule that nonresident witnesses, as well as nonresident suitors, are privileged from service of summons or process in an unrelated civil action while temporarily within this state for the purpose of attending upon the trial of a pending civil suit. Appellant asks, however, that we restrict or overrule the *Gunn* decision. We do not find it presently desirable or necessary to do either in reaching our conclusion that the trial court erred in granting respondents' motion to quash the service of the summons here involved.

As was succinctly pointed out by Judge Mackintosh in the *State ex rel. Gunn* decision, all of the federal courts, including the United States Supreme Court, and an overwhelming majority of the state courts are committed to the general immunity doctrine alluded to above. Indeed, the principle is one which finds its genesis in the common law of England, being mentioned in the Year Books as early as Henry VI. R. Bowers, Process and Service § 369 (1927); W. Alderson, Judicial Writs and Process §§ 118, 119 (1895); 3 W. Blackstone, Commentaries 289 (3 W. Hammond Ed. at 385, 1890).

The underlying purpose of the rule extending immunity from the service of unrelated civil process to nonresident suitors and witnesses, attending upon a local civil judicial proceeding, is to insulate the pending litigation against the interference and vexation which might arise from the untimely intervention of unrelated litigation. It proceeds upon the ground that courts should not permit the progress of a civil trial to be interrupted by the service of process in other civil suits, the portent of which could prevent or tend to discourage the voluntary attendance of those nonresident persons whose presence is essential or desirable if justice in the pending cause is to be fully and fairly administered. The privilege of the immunity is, therefore, primarily a privilege of the courts rather than a privilege of the individual, resting, as it does, upon the foundation of judicial convenience and the furtherance of the orderly and unfettered administration of justice. The exemption provided by the privilege, however, is not one to be arbitrarily and rigorously enforced upon all occasions; but, rather, it can and should be extended or withheld only as judicial necessities dictate. *Stewart v. Ramsay,* 242 U.S. 128, 61 L. Ed. 192, 37 S. Ct. 44 (1916); *Lamb v. Schmitt,* 285 U.S. 222, 76 L. Ed. 720, 52 S. Ct. 317 (1932).

Among the recognized limitations upon the application of the privilege of immunity is the qualification that a nonresident suitor or witness may not, while going to, attending upon, or coming from a local judicial proceeding, wrong or injure an innocent third-party resident and then claim

the privilege as a bar to a suit on behalf of the injured third party. This qualification, in terms of waiver, is aptly expounded in *Nichols v. Horton,* 14 F. 327, 331 (1882), as follows:

> Suppose a party or witness, when in attendance upon a trial, becomes indebted to a hotel-keeper for his board, or to a merchant for goods purchased, to be paid for on delivery, and the debtor refuses to pay his just debts thus contracted, are the creditors powerless in the premises, and are they to be compelled to await the return of the debtor to his own home before they can invoke the protection of the law? If such a rule should be upheld, would it not be enabling parties and witnesses to perpetrate wrongs upon third parties, and then to escape responsibility by invoking the privilege attaching to their character as parties or witnesses in pending litigation, thus converting that, which was originally intended as a shield for their protection, into a weapon of offense, to the injury of innocent third parties? Where the parties or witnesses, while in attendance upon the trial, including going to and returning from the place of trial, do no wrong or injury to third parties, they may claim the protection of the privilege of exemption from service of civil process, but where they lay aside the character of parties or witnesses, and for their own behalf and benefit give cause for the institution of actions against them on behalf of third parties, then it would seem just to hold that they cannot invoke the privilege in question, but that by such action on their part they must be deemed to have waived the exemption. In the exercise of the right of bringing suit in such cases, it would be the duty, however, of such third party, in instituting his proceedings for the protection of his rights, to see to it that he does not in fact interrupt the trial of the cause upon which the party or witness is in good faith in attendance.

In short, courts should not and will not lend the prerogative of the immunity privilege to aid or assist the evasion or avoidance by nonresident suitors or witnesses of valid intrastate responsibilities and obligations beneficially incurred by them in connection with their attendance and participation in intrastate litigation unless the imperatives of the situation permit of no reasonable alternative.

In the instant case, appellant's complaint avers that the

loan which he seeks to have repaid was made to respondents to enable them to return to Switzerland following a trip to this state to engage in litigation concerning the custody of Victoria Ivarsson. A reference to our decision in *In re Ivarsson*, 60 Wn.2d 417, 374 P.2d 179 (1962), indicates that respondents did, indeed, at about the time alleged, participate in some litigation in this state with respect to Victoria, albeit involuntarily. Furthermore, the recitation of the facts in that decision, of which we take judicial notice, together with the background set forth in *In re Guardianship of Ivarsson*, 60 Wn.2d 733, 375 P.2d 509 (1962), indicates that respondents are former residents of this state and still retain substantial interests within this state not the least of which is Victoria's guardianship estate, which estate is being administered through the courts of this state. Undoubtedly, as was the situation in the instant case, periodic accountings in the guardianship estate have required and will continue to require respondents' presence here from time to time, such appearances being in their own as well as Victoria's interest. Under these circumstances, we can conceive of no sound purpose to be served in insulating respondents, during their visits here, from the service of process in such civil matters as may arise out of their actions or dealings toward or with residents of this state while they are present in this state attending judicial proceedings concerning their family and business affairs, provided, of course, the service of such process does not in fact interrupt and interfere with the in-court proceedings. In this latter respect there is no indication in the instant case that the service of the summons here involved in anywise interfered with or hampered the judicial hearing.

The order quashing the service of summons is vacated, and the cause is remanded for further proceedings.

ALL CONCUR.