[No. 598-3. Division Three. July 20, 1973.]

NANCY KORON WARNER, *Respondent,* v. LLOYD T. KRESSLY *et al., Appellants.*

*William J. Powell,* for appellants.

*John E. Snoddy* and *Kenneth A. Bell,* for respondent.

McINTURFF, J.—This is an action to recover a real estate broker's commission. The trial court granted judgment for the plaintiff, and defendants appeal.

Two primary issues are involved in this appeal: (1) Whether jurisdiction of nonresident defendants was acquired by serving them in the federal district courtroom (or hall), when they were there in response to a notice by the court of a condemnation action involving their property; and (2) Is it necessary to apply British Columbia, Canada, law to a real estate contract which was executed in Idaho and involved property in both Idaho and British Columbia? We answer the first issue in the affirmative and the second issue in the negative.

A review of the pertinent events shows that in March 1965 plaintiff, who resided in Spokane, Washington, was a real estate broker licensed in Washington, Oregon and Idaho, was contacted by Laurence Edwards and Gary Walker. They informed plaintiff they were interested in purchasing either a small cattle ranch or some recreational property for development purposes.

Plaintiff advertised in a newspaper and was contacted by defendant Lloyd Kressly of Eastport, Idaho, who with his son Duane and wife Edith, owned two parcels of land consisting of 38 acres in Idaho and 1,060 acres in British Columbia, Canada. Plaintiff secured a listing agreement from defendants Kressly on both properties. She was not licensed to sell in the Province of British Columbia.

Plaintiff showed defendants' property and ultimately Edwards made an offer on behalf of his daughter Carole Walker to purchase both properties. Defendants rejected the offer. A new earnest money agreement was drawn, which provided that Carole Walker's vendor's interest in

property she owned in Garfield County would serve as downpayment for purchase of the Canadian property. Defendants' attorney, of Bonners Ferry, Idaho, prepared the sale and real estate commission agreements. The parties to the agreements met at Lewiston, Idaho, where the agreements were signed. The real estate commission agreement called for a $2,500 balance to be paid to plaintiff by defendants, and the payment was to be made by the escrow agent out of the first payments received from the real estate contract. No real estate fees were ever paid and the papers were never placed in escrow.

In 1967 the federal government commenced eminent domain proceedings to acquire a portion of land located in Garfield County and owned by defendants. While in the federal courthouse in Spokane, attending the eminent domain proceedings, defendants were served with summons and complaint in this action. Defendant Lloyd Kressly was served in the corridor of the courtroom; defendant Duane Kressly was served in the courtroom.

This action was originally commenced in Garfield County. Counsel for Lloyd Kressly served a motion to dismiss. Counsel for Duane and Edith Kressly served a notice of appearance and a motion for change of venue. In October 1971, by stipulated order, the cause was transferred from Garfield to Spokane County. Defendants filed an answer alleging, as an affirmative defense, lack of jurisdiction because service on the defendants was obtained while they were in this state attending the proceedings in federal court.

Before trial defendants moved to dismiss the proceedings for lack of jurisdiction. The court denied this motion and awarded plaintiff a judgment for $3,500 plus costs. The trial court found that, by serving the motion for change of venue, the defendants made a general appearance and thus waived their right to challenge jurisdiction. Defendants appeal, contending they are nonresidents, who came temporarily to this state for the purpose of defending the action in federal court, and are thus privileged from service of process.

■ In *State ex rel. Gunn v. Superior Court*, 111 Wash. 187, 189 P. 1016 (1920), this state adopted the rule that nonresident witnesses, as well as nonresident suitors, are privileged from service of summons or process in an unrelated civil action while temporarily within this state for the purpose of attending the trial of a pending civil suit. This case has been affirmed but not followed in the more recent case of *Anderson v. Ivarsson*, 77 Wn.2d 391, 462 P.2d 914 (1969). In that case the court said at page 393:

> The underlying purpose of the rule . . . is to insulate the pending litigation against the interference and vexation which might arise from the untimely intervention of unrelated litigation.

In *Anderson* the Supreme Court held the immunity privilege inapplicable because the parties seeking the privilege were former Washington residents, who retained substantial interests within this state. The court further found no indication that the service of the summons in any way interrupted or interfered with or hampered the in-court proceedings.

Under the facts in the instant case, defendants had an interest in real property in this state and there was no proof or claim that the service of process in any way interfered with or hampered the judicial hearing. As noted in *Anderson v. Ivarsson, supra* at 393:

> The privilege of the immunity is, therefore, primarily a *privilege of the courts* rather than a privilege of the individual, resting, as it does, upon the foundation of judicial convenience and the furtherance of the orderly and unfettered administration of justice. The exemption provided by the privilege, however, is not one to be arbitrarily and rigorously enforced upon all occasions; but, rather, it can and should be extended or withheld only as judicial necessities dictate.

(Italics ours.) There is no indication in the statement of facts that the service of summons interrupted the judicial hearing in federal court. The record is totally void of any evidence which would indicate that judicial necessities required enforcement of the privilege. The sole reason for

extending the privilege in the instant case might be based upon the broad public policy of encouraging the voluntary attendance in federal court by nonresidents whose presence may be desirable. We feel, in some cases, that public policy in and of itself may be sufficient to grant the privilege because it is important to the administration of justice that each party have a full and fair opportunity to present a case without fear of harrassment by new suits in a foreign state. We do not, however, find that public policy or the above reasoning sufficient under the facts of this case to extend a blanket immunity. We find no error in the trial court's failure to dismiss this action for lack of jurisdiction.

Defendants next urge that the trial court erred in failing to apply the law of British Columbia. Under 4 Revised Statutes of British Columbia, ch. 330, § 30 (1960) (amended 1961), a nonlicensed real estate broker cannot maintain an action in any court for recovery of a broker's fee. Defendants urge that the trial court erred in failing to apply the Canadian law. We disagree.

In *Baffin Land Corp. v. Monticello Motor Inn, Inc.*, 70 Wn.2d 893, 425 P.2d 623 (1967) this state adopted the most significant contacts rule. 1 Restatement (Second) of Conflict of Laws § 188 (1971) stated the rule as follows:

§ 188. Law Governing in Absence of Effective Choice by the Parties.

(1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

(2) In the absence of an effective choice of law by the parties . . . , the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,
(b) the place of negotiation of the contract,
(c) the place of performance,
(d) the location of the subject matter of the contract, and
(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue. (3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, . . .

Under the above rule the trial court correctly concluded that the law of Idaho should apply. The agreements were negotiated in Idaho, prepared by an Idaho attorney; the place of performance was to be in Idaho where the contract was to be placed in escrow; defendants Kressly resided in Idaho; and the agreement was valid under the laws of Idaho because plaintiff was licensed to sell real estate in that state. We find no violation of public policy of this state, or the State of Idaho, by allowing a duly licensed broker, who brought a willing seller and buyer together in these states to receive compensation for her endeavors.

Finally defendants contend the trial court erred in entering finding of fact No. 4, and thus conclusion of law No. 2 which is based thereon, because the finding is not founded upon substantial evidence. We disagree.

We have read the record and find substantial evidence to support the trial court's findings. *See Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). The findings support the conclusions of law. No more is needed.

The judgment of the trial court is affirmed.

GREEN, C.J., and MUNSON, J., concur.