# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 73117-3-I |
| | ) | |
| FRANCISCO A. CASTILLOS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | ORDER DENYING MOTION |
| ISABELLA CASTILLOS, | ) | TO PUBLISH, WITHDRAWING & |
| | ) | REPLACING OPINION |
| Respondent. | ) | |
| | ) | |

Respondent filed a motion to publish the court's opinion filed November 16, 2015. Appellant filed an answer. The court has considered the motion and determined that the motion to publish should be denied and that the opinion should be withdrawn and a replacement opinion filed.

The opinion has been changed by adding a sentence and footnote on page 5 after the first sentence of the first full paragraph as follows:

> The trial court did not mention or make any findings on an alternative equity-based approach for an award of fees under RCW 26.09.140.[14]

> [14] See Matter of Marriage of Van Camp, 82 Wn. App. 339, 342, 918 P.2d 509 (1996) (trial court was not required to apply lodestar method in determining an award of attorney fees in dissolution case under RCW 26.09.140); In re Guardianship of Decker, 188 Wn. App. 429, 446-47, 353 P.3d 669, review denied, 184 Wn.2d 1015, 360 P.3d 818 (2015) (trial court was not required to conduct a lodestar analysis in determining an award of attorney fees as costs when determining compensation under the guardianship statute). Here, the court did not enter any findings applying either a lodestar analysis or equitable considerations in awarding attorney fees.

No. 73117-3-I/2

Now, therefore, it is hereby

ORDERED that respondent's motion to publish is denied.  It is further

ORDERED that the opinion of this court filed November 16, 2015 is withdrawn and a replacement opinion filed with the revisions noted above.

Dated this ____ day of January, 2016.

_____

_____

Cox, J.

_____

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
# DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 73117-3-I |
| | ) | |
| FRANCISCO A. CASTILLOS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ISABELLA CASTILLOS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: January 19, 2016 |
| | ) | |

VERELLEN, A.C.J. — A trial court generally determines the amount of an

attorney fee award based upon a lodestar calculation of reasonable hours and

reasonable rates. Here, the trial court decided that the award of requested fees was

reasonable, pending the filing of counsel's fee declaration. Counsel filed a fee

declaration, but it is not clear that the superior court commissioner analyzed the

reasonable hours or reasonable rates or even reviewed the declaration. Therefore,

we reverse the judgment awarding fees and remand to develop an adequate record

with adequate findings in support of an award of fees.

## FACTS

Isabella and Francisco Castillos married in 1981.[1] On July 6, 2012, after a

two-day trial, a decree of dissolution was entered dissolving their marriage. The trial

---

[1] For clarity, we refer to the Castillos by their first names.

court ordered Francisco to pay $2,500 in spousal maintenance on or before the 15th of each month.

On November 21, 2014, Isabella filed a "Motion/Declaration for an Order to Show Cause Re Contempt" in King County Superior Court after Francisco failed to pay the November spousal maintenance.[2] In addition to back maintenance, she requested that Francisco prepare a qualified domestic relations order (QDRO) and that the court enter a judgment for her attorney fees in the amount of $7,728.56.

At the show cause hearing on January 16, 2015, Francisco argued the superior court should consider his December 15, 2014 petition to modify spousal maintenance in determining the amount of spousal maintenance owed. But the superior court refused to consider the petition without proof of service. In response, Francisco's attorney attempted to serve Isabella in court. But the superior court commissioner disallowed such service, stating, "When a judicial officer sits on the bench, you may serve nobody without asking the person sitting on the bench. And we're not going to do that now."[3]

Next, Francisco argued that Isabella had "not shown any basis for the calculation of attorney's fees."[4] He also told the court, "The [QDRO] is being done. That is in the works. It just takes the federal government a long time to finally do that. But that is in the works and I don't know that [Isabella,] if she's received it or not, but she should receive it."[5]

---

[2] Clerk's Papers (CP) at 25-28.

[3] Report of Proceedings (RP) (Jan. 16, 2015) at 9.

[4] CP at 65.

[5] RP (Jan. 16, 2015) at 11.

The commissioner found that Francisco intentionally failed to comply with the spousal maintenance award and ordered him to pay back maintenance in the amount of $7,500 for the months of November and December 2014 and January 2015.

In the January 16, 2015 order on show cause, the commissioner entered findings and conclusions that the requested attorney fees were "reasonable" and ordered Francisco pay "for reasonable/fair fees" in the amount of $7,728.56, "pending filing of [Isabella's] counsel's declaration re fees, which shall be provided to counsel and court."[6] The commissioner also ordered Francisco to prepare a QDRO for his Federal Aviation Administration (FAA) retirement plan.

On January 23, 2015, Isabella's attorney filed her "Declaration re Fees on Motion for Contempt of Court."[7] The declaration itemized the time incurred and the hourly rate charged. There is no indication that the commissioner reviewed the declaration.

Francisco appeals the January 16, 2015 award of Isabella's attorney fees.

## ANALYSIS

First, Isabella argues the January 16, 2015 judgment was not a final judgment and therefore is not appealable. But her argument is not compelling. Substance controls over form when analyzing whether an order constitutes a final judgment.[8] The January 16, 2015 award is in the form of a judgment, including an express award

---

[6] CP at 91-92.

[7] CP at 103.

[8] Rhodes v. D & D Enters., Inc., 16 Wn. App. 175, 177, 554 P.2d 390 (1976) (for appeal purposes, in determining whether particular judicial determination is an order, final judgment, or final order, substance controls over form and "the court looks to the content of a document rather than its title").

of fees in the amount of $7,728.56, and a judgment summary. More important, the award is a judgment in substance. A judgment is final and therefore appealable "even if it directs performance of certain subsidiary acts in carrying out the judgment, the right to the benefit of which is adjudicated in that judgment."[9] Here, the pending filing of a fee declaration provision functions as a subsidiary act to the award of fees. Further, Isabella argues that a subsequent ruling enforcing the judgment was the actual final judgment. The necessary premise of her argument is that the notice of appeal was premature. But even under her theory, such a premature notice of appeal would be effective. RAP 5.2(g) provides that "[a] notice of appeal . . . filed after the announcement of a decision but before entry of the decision will be treated as filed on the day following the entry of the decision." Even if the subsequent order on enforcement is considered the entry of the final judgment awarding attorney fees, the January 16 order announced that decision, and the notice of appeal is effective. We conclude the January 16, 2015 award of attorney fees is appealable.

Second, Francisco argues the superior court commissioner "completely failed to review any declaration or evidentiary basis before entering a judgment for the full amount of fees sought" by Isabella.[10] We agree.

This court reviews an award of attorney fees for an abuse of discretion.[11] Discretion is abused when the superior court exercises it "on untenable grounds or

---

[9] Wlasiuk v. Whirlpool Corp., 76 Wn. App. 250, 255, 884 P.2d 13 (1994).
[10] Appellant's Br. at 5.
[11] Estrada v. McNulty, 98 Wn. App. 717, 723, 988 P.2d 492 (1999).

for untenable reasons. The burden of demonstrating that a fee is reasonable is upon the fee applicant."[12]

Generally, Washington courts apply the lodestar method to calculate attorney fees.[13] The trial court did not mention or make any findings on an alternative equity-based approach for an award of fees under RCW 26.09.140.[14] To arrive at a lodestar award, the court first considers the number of hours "'reasonably expended on the matter.'"[15] To this end, the attorney "'must provide reasonable documentation of the work performed,'" including the number of hours worked, type of work performed, and category of attorney who performed the work.[16] The awarding court should discount hours "spent on unsuccessful claims, duplicated effort, or otherwise unproductive time."[17]

---

[12] Berryman v. Metcalf, 177 Wn. App. 644, 657, 312 P.3d 745 (2013) review denied sub nom. Berryman v. Farmers Ins. Co., 179 Wn. 2d 1026, 320 P.3d 718 (2014) (citation omitted).

[13] Mahler v. Szucs, 135 Wn.2d 398, 433, 957 P.2d 632 (1998), overruled on other grounds by Matsyuk v. State Farm Fire & Cas. Co., 173 Wn.2d 643, 272 P.3d 802 (2012).

[14] See Matter of Marriage of Van Camp, 82 Wn. App. 339, 342, 918 P.2d 509 (1996) (trial court was not required to apply lodestar method in determining an award of attorney fees in dissolution case under RCW 26.09.140); In re Guardianship of Decker, 188 Wn. App. 429, 446-47, 353 P.3d 669, review denied, 184 Wn.2d 1015, 360 P.3d 818 (2015) (trial court was not required to conduct a lodestar analysis in determining an award of attorney fees as costs when determining compensation under the guardianship statute). Here, the court did not enter any findings applying either a lodestar analysis or equitable considerations in awarding attorney fees.

[15] McGreevy v. Or. Mut. Ins. Co., 90 Wn. App. 283, 291, 951 P .2d 798 (1998) (emphasis omitted) (quoting Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 149, 859 P.2d 1210 (1993)).

[16] Id. at 292 (quoting Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983)).

[17] Id.

Next, the court determines if the hourly fee charged was reasonable.[18] The attorney's usual fee is not conclusively reasonable and may require an adjustment.[19]

Then the court multiples the reasonable hourly rate by the reasonable number of hours expended on the litigation to produce the lodestar fee.[20] After the lodestar figure is calculated, the court may consider an adjustment based on additional factors.[21]

"Courts must take an *active* role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought. Courts should not simply accept unquestioningly fee affidavits from counsel."[22] The trial court "must supply findings of fact and conclusions of law sufficient to permit a reviewing court to determine why the trial court awarded the amount in question."[23]

While a superior court "does not need to deduct hours here and there just to prove to the appellate court that it has taken an active role in assessing the reasonableness of a fee request[,]" the court's "findings must do more than give lip service to the word 'reasonable.' The findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis."[24] The

---

[18] Id. at 291.

[19] Id.

[20] Id.

[21] Id.; Mahler, 135 Wn.2d at 434.

[22] Mahler, 135 Wn.2d at 434-35.

[23] SentinelC3, Inc. v. Hunt, 181 Wn.2d 127, 144, 331 P.3d 40 (2014).

[24] Berryman, 177 Wn. App. at 658.

"absence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record."[25]

Here, the superior court entered a conclusory finding that the requested fees were reasonable. The court then ordered Francisco to pay the amount of attorney fees requested by Isabella "pending filing of counsel's declaration [regarding] fees, which shall be provided to counsel and court."[26] But there is no indication the superior court commissioner actively and independently confronted the question of what was a reasonable fee either before or after counsel's fee declaration was filed. Moreover, there is no evidence the commissioner even reviewed the declaration. Therefore, it does not appear the superior court meaningfully reviewed the basis of the calculation of Isabella's attorney fees. The superior court simply accepted Isabella's requested attorney fees before considering her attorney's documentation of the work performed.

On this record, the superior court's findings are inadequate to support a determination that the requested fees are reasonable. We reverse the award and remand for the entry of findings of fact and conclusions of law that explain the basis for an award of fees.

Third, Francisco argues this court should "vacate the requirement" that he draft a QDRO because the QDRO has already been filed.[27] Confusingly, Francisco did not represent that a QDRO had already been filed at the show cause hearing.

---

[25] Mahler, 135 Wn.2d at 435.

[26] CP at 92.

[27] Appellant's Br. at 19.

7

Instead, Francisco told the superior court "[t]he [QDRO] is being done. That is in the works."[28] Regardless, the key point is that a QDRO for Francisco's FAA retirement plan had been filed in 2012.[29] This court will not entertain an appeal of an issue where no effective relief can be given.[30] The issue is moot.[31]

Fourth, Francisco assigns error to the superior court commissioner's decision not to consider the filing of his petition to modify spousal support. Here, the superior court commissioner reviewed the clerk's electronic court records and determined there was no proof that Francisco had served Isabella with the petition to modify. Francisco still urged the superior court to consider his petition, arguing that Isabella's attorney "was aware of it; I've raised that defense earlier in the response [to the motion for contempt] when I was contacted."[32] But because Francisco's service of process was deficient, the superior court did not abuse its discretion in declining to consider the unserved petition.

Fifth, Francisco argues the commissioner improperly provided Isabella immunity from service of process at the show cause hearing. We disagree.

The superior court "is generally in the best position to perceive and structure its own proceedings."[33] Accordingly, a superior court "has broad discretion to make a variety of trial management decisions, ranging from 'the mode and order of

---

[28] RP (Jan. 16, 2015) at 11.

[29] See CP at 19-22.

[30] Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984).

[31] Yacobellis v. City of Bellingham, 55 Wn. App. 706, 709, 780 P.2d 272 (1989).

[32] RP (Jan. 16, 2015) at 10.

[33] State v. Dye, 178 Wn.2d 541, 547, 309 P.3d 1192 (2013).

interrogating witnesses and presenting evidence' to provisions for the order and security of the courtroom."[34] In order to effectuate the superior court's discretion, this court grants the superior court broad discretion.[35] We will not reverse unless such a decision is "'manifestly unreasonable or based on untenable grounds or untenable reasons.'"[36]

Here, it was within the superior court's discretion to refuse to allow Francisco's attorney to serve Isabella during the show cause hearing. Francisco had alternate methods of service available to him. On appeal, Francisco relies on several cases concerning the "privilege of service of process immunity."[37] But neither Isabella nor her attorney asserted a claim of immunity at the hearing. Rather, the superior court commissioner simply refused to allow the service in her courtroom and limited the hearing to the motion for show cause regarding contempt. Because the superior court commissioner has discretion to control proceedings in her courtroom, we reject Francisco's argument.

Finally, Francisco argues he is entitled to attorney fees based on his need and Isabella's ability to pay. Under RCW 26.09.140, this court has the discretion to order a party to pay the other party's attorney fees associated with the appeal of a dissolution action. "In exercising our discretion, we consider the arguable merit of the

---

[34] Id. at 547-48 (quoting ER 611(a)).

[35] Id. at 548.

[36] Id. (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)).

[37] Appellant's Br. at 12-19 (citing Anderson v. Ivarsson, 77 Wn.2d 391, 462 P.2d 914 (1969); Warner v. Kressly, 9 Wn. App. 358, 512 P.2d 1116 (1973); Employers Mut. Liab. Ins. Co. of Wis. v. Hitchcock, 158 F. Supp. 783 (D. Mo. 1958); Northern Light Tech., Inc. v. Northern Lights Club, 236 F.3d 57 (1st Cir. 2001)).

issues on appeal and the parties' financial resources."[38] In order for us to consider their financial resources, both parties must file financial affidavits no later than 10 days before the date the case is set for consideration on the merits.[39] Because Francisco has not timely filed a financial affidavit and because the ultimate question of the amount of fees remains to be resolved on remand, we decline to award Francisco any fees on appeal.[40]

We reverse the January 16, 2015 judgment awarding attorney fees of $7,728.56 and remand to develop an adequate record with findings in support of an award of fees.

WE CONCUR:

COX, J.

---

[38] In re Marriage of C.M.C., 87 Wn. App. 84, 89, 940 P.2d 669 (1997).

[39] RAP 18.1(c) ( [E]ach party must serve upon the other and file a financial affidavit no later than 10 days prior to the date the case is set for oral argument or consideration on the merits. . . . Any answer to an affidavit of financial need must be filed and served within 7 days after service of the affidavit.).

[40] RAP 18.1; In re Marriage of Crosetto, 82 Wn. App. 545, 565-66, 918 P.2d 954 (1996). Isabella's request for fees on appeal is denied because she is not the prevailing party on appeal.