# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Parentage of: T.W. | No. 50809-5-II |
| LUCAS M. WAGONER, | |
| Appellant, | |
| and | |
| ALEXANDRIA L. RUSSUM, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON — Lucas Wagoner appeals the trial court's orders adopting a final parenting plan of Wagoner's daughter, T.W., ordering child support, awarding attorney fees, and issuing a restraining order. Wagoner argues that the trial court abused its discretion by denying his motion for a continuance to obtain new counsel and by awarding T.W.'s mother, Alexandria Russum, attorney fees.

We hold that Wagoner fails to carry his burden to prove that the trial court abused its discretion by denying his motion to continue and we affirm the trial court's order adopting a final parenting plan, ordering child support, and issuing a restraining order. We further hold that the trial court developed an inadequate record to support an award of attorney fees. Consequently, we remand for entry of findings of fact and conclusions of law regarding the attorney fee award. We also deny Russum's request for an award of attorney fees on appeal.

FACTS

Wagoner and Russum are the parents of T.W., who was born in April 2011. Wagoner and Russum lived together until April 2015, when the couple separated, and Wagoner moved out. Wagoner filed a petition for a residential schedule and child support on July 24, 2015.

In February 2016, Wagoner filed a notice to set the case for trial. The trial court set the case for trial to begin on January 2, 2017. In early December 2016, the trial court realized the original trial date was a court holiday and reset the trial for July 24, 2017.

On June 8, 2017, Wagoner's attorney filed a notice of intent to withdraw as Wagoner's attorney of record, effective June 15, 2017. The day after the withdrawal became effective, the trial court held a trial readiness hearing.[1] At the trial readiness hearing, Wagoner moved for a continuance. Russum did not oppose Wagoner's motion. The trial court denied Wagoner's motion and called the matter ready to proceed to trial.

The trial court called the case to trial on July 24, 2017.

[COURT]: Are the parties ready to proceed?

. . . .

[WAGONER]: Yeah, I guess so.

[COURT]: Okay. Well, you're the Petitioner in this matter. Are you planning on calling witnesses today?

[WAGONER]: I would like to. I just—Like I said, I didn't have time to get legal Counsel and I don't know how to do any of this Court stuff.

[COURT]: Okay. Have you told [opposing counsel] who you intend to call as witnesses?

[WAGONER]: No, like I said, I don't know how to—I don't know how any of this Court stuff works, so. . .

[COURT]: Okay. Who are you intending to call as a witness today?

---

[1] A transcript of the trial readiness hearing was not included in the record on appeal.

[WAGONER]:  Well, I was hoping to call my treatment counselor.

[COURT]:  Do you have that person here?

[WAGONER]:  He's not here right now.

[COURT]:  Okay.  Is that person scheduled to be here?

[WAGONER]:  No, but I can give him a call and he'll show up.

[COURT]:  Okay.  Who else are you intending to call?

[WAGONER]:  Right now that's it.

[COURT]:  Okay. Are you intending to testify on your own behalf?

[WAGONER]:  Yeah.

. . . .

[COURT]:  Okay, are you prepared to testify at this time?

[WAGONER]:  No, not quite yet.

[COURT]  Well, this is the time set for trial.

[WAGONER]:  I understand that, and like I said, I don't, I don't know much about Court, so. . . I'm not, I'm not an attorney so I don't know how all this stuff works.

Verbatim Report of Proceedings (RP) at 3-5.  The trial concluded that same day.

The trial court adopted Russum's proposed final parenting plan and awarded her $15,000.00 in attorney fees.  The final parenting plan stated,

> ALEXANDRIA RUSSUM incurred fees and costs, and needs help to pay those fees and costs.  LUCAS WAGONER has the ability to help pay fees and costs and should be ordered to pay the amount as listed in the Child Support order.  The court finds that the amount ordered is reasonable.

Clerk's Papers (CP) at 1440.  The trial court also issued a restraining order restricting Wagoner from contacting Russum or T.W.  The trial court also entered a final child support order, finding Russum's net monthly income to be $1,664.00, and Wagoner's net monthly income to be $3,312.65.  The trial court imputed income to Wagoner after concluding he was voluntarily unemployed and under-employed.  The order explained:

Parent testified that he is working, but paid cash only and would not provide an actual amount. He stated he could not work full-time due to treatment requirements, yet information gathered from the [Guardian Ad Litem] indicated he was not attending all of his treatment classes because he claimed he was working. The court finds he is playing both sides.

CP at 1453.

Wagoner appeals.

## ANALYSIS

### I. CONTINUANCE

Wagoner argues that the trial court abused its discretion and deprived him of a meaningful opportunity to be heard by denying his motion for a continuance to hire new counsel at the trial readiness hearing. We hold that Wagoner's claim fails.

We review a trial court's decision to grant or deny a continuance for abuse of discretion. *In re Parental Rights to E.D.*, 195 Wn. App. 673, 685, 381 P.3d 1230 (2016). In exercising its discretion, a trial court may consider

the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; the possible prejudice to the adverse party; the prior history of the litigation, including prior continuances granted the moving party; any conditions imposed in the continuances previously granted; and any other matters that have a material bearing upon the exercise of the discretion vested in the court.

*Trummel v. Mitchell*, 156 Wn.2d 653, 670-71, 131 P.3d 305 (2006).

The trial court abuses its discretion if its decision is manifestly unreasonable or exercised on untenable grounds. *Trummel*, 156 Wn.2d at 671. "An abuse of discretion occurs only when no reasonable person would take the view adopted by the trial court." *In re Guardianship of Johnson*, 112 Wn. App. 384, 388, 48 P.3d 1029 (2002). Wagoner bears the burden of proving that the trial

court abused its discretion. *In re Parenting & Support of S.M.L.*, 142 Wn. App. 110, 118, 173 P.3d 967 (2007).

Wagoner failed to designate for the record on appeal a transcript from the trial readiness hearing wherein he moved for a continuance. The record on appeal merely includes the trial court clerk's brief notes from the readiness hearing stating, "Mr. Wagoner moves for continuance of Trial date; Court Denied at this time." CP at 1408. As the appellant, Wagoner bears the burden of proving that the trial court abused its discretion. *S.M.L.*, 142 Wn. App. at 118. RAP 9.2(b) obligates Wagoner to "arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues raised on review."

Because Wagoner made his motion to continue and the trial court made its ruling at the trial readiness hearing, our ability to review the trial court's decision is severely limited. There is no record to determine whether the trial court based its decision on manifestly unreasonable or untenable grounds. Consequently, we hold that Wagoner fails to carry his burden to prove that the trial court abused its discretion.

## II. ATTORNEY FEES

Wagoner also argues that the trial court abused its discretion by awarding Russum $15,000.00 in attorney fees under RCW 26.09.140. Specifically, Wagoner argues that the trial court should have employed the lodestar method[2] to determine the reasonableness of attorney fees

---

[2] Our Supreme Court first adopted the lodestar method in a Consumer Protection Act, ch. 19.86 RCW, case. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597-99, 675 P.2d 193 (1983). The lodestar approach focuses on the market value of the attorney's services. *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 150, 859 P.2d 1210 (1993). It permits an adjustment of the attorney fees up or down based on the consideration of a number of factors. *Scott Fetzer Co. v. Weeks*, 114 Wn.2d 109, 124, 786 P.2d 265 (1990). Those factors include the time expended, the difficulty of

and that the trial court failed to make an adequate record supporting its award of attorney fees.  We

hold that the trial court failed to adequately indicate on the record the method it used to calculate

the fee award.  Accordingly, we remand for entry of findings of fact and conclusions of law

regarding the attorney fee award.

"We review statutory attorney fee award decisions for an abuse of discretion."  *In re*

*Marriage of Coy*, 160 Wn. App. 797, 807, 248 P.3d 1101 (2011).  RCW 26.09.140 allows the trial

court to award fees and costs "after considering the financial resources of both parties."  The

lodestar method is not required, but the trial court must indicate on the record the method it used

to calculate the award.  *See In re Marriage of Van Camp*, 82 Wn. App. 339, 342, 918 P.2d 509

(1996); *In re Marriage of Knight*, 75 Wn App. 721, 729, 880 P.2d 71 (1994).  The primary

considerations for an award of fees under RCW 26.09.140 are "the need of the party requesting

the fees, the ability to pay of the party against whom the fee is being requested, and the general

equity of the fee."  *Van Camp*, 82 Wn. App. at 342.  "Lack of findings as to either need or ability

to pay requires reversal."  *In re Marriage of Steadman*, 63 Wn. App. 523, 529, 821 P.2d 59 (1991).

Here, the child support order and final parenting plan included findings that Wagoner had

the ability to pay Russum's attorney fees and that Russum had a demonstrated need.  However,

the written orders are silent as to the method the trial court used to calculate the $15,000.00

attorney fee award.  The trial court's cursory oral ruling awarding attorney fees did not elucidate

its method of calculation.  As a result, we hold that the trial court failed to develop an adequate

---

the questions involved, the skill required, the customary charges of other attorneys, the amount
involved, the benefit resulting to the client, the contingency or certainty in collecting the fee, and
the character of the employment. *Scott Fetzer*, 114 Wn.2d at 123-24.

record for appellate review of a fee award. Consequently, we remand for entry of specific findings of fact and conclusions of law regarding the attorney fee award.

### III. ATTORNEY FEES ON APPEAL

Russum argues that we should award her attorney fees incurred on appeal based on RCW 26.09.140, and because Wagoner's appeal is frivolous. We disagree.

RCW 26.09.140 provides,

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorneys' fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.

> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs.

When considering the financial resources of both parties, we balance the financial need of the requesting party against the other party's ability to pay. *In re Marriage of Pennamen*, 135 Wn. App. 790, 807–08, 146 P.3d 466 (2006). When an award of attorney fees is conditioned on financial need, each party must file a financial affidavit with this court at least 10 days prior to the date the case is set for consideration on the merits. RAP 18.1(c).

Under RAP 18.1(a), a party on appeal is entitled to attorney fees if a statute authorizes the award. RAP 18.9 authorizes an award of compensatory damages against a party who files a frivolous appeal. *See Kearney v. Kearney*, 95 Wn. App. 405, 417, 974 P.2d 872 (1999). An appeal is frivolous if there are "'no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility' of success." *In re Recall of*

No. 50809-5-II

*Feetham*, 149 Wn.2d 860, 872, 72 P.3d 741 (2003) (internal quotations omitted) (quoting *Millers Cas. Ins. Co. of Tex. v. Briggs*, 100 Wn.2d 9, 15, 665 P.2d 887 (1983)).

Russum provides no information to support her claim for appellate attorney fees based on her need and Wagoner's ability to pay. Additionally, because we remand for entry of findings of fact and conclusions of law regarding the attorney fee award, we hold that Wagoner's appeal was not frivolous. Accordingly, Russum is not entitled to appellate attorney fees.

In conclusion, we affirm the trial court's orders, but remand for entry of findings and conclusions regarding the attorney fee award. We decline to award Russum appellate attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, A.C.J.

RUMBAUGH, J.P.T.

8