## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION  II

| | |
|---|---|
| In re the Marriage of:<br><br>CARMELITA ESCARCEGA, (f/k/a BARRETT).<br><br>                  Respondent,<br><br>    v.<br><br>DANIEL J. BARRETT,<br><br>                  Appellant. | No.  51273-4-II<br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Daniel Barrett filed a motion to lift a permanent restraining order between him and his ex-wife, Carmelita Escarcega.  The superior court denied Barrett's motion without prejudice and awarded Escarcega attorney fees.  Barrett appeals, arguing that the superior court erred by awarding Escarcega attorney fees without first finding need and ability to pay.  We hold that the superior court failed to develop an adequate record to support an award of attorney fees.  Consequently, we remand for entry of findings of fact and conclusions of law regarding the attorney fee award.  We also grant Escarcega's request for attorney fees and costs on appeal.

## FACTS

In 2002, during a trial regarding custody of Barrett's and Escarcega's five children, the superior court awarded Escarcega a permanent restraining order against Barrett.

On May 26, 2017, Barrett filed a motion to lift the permanent restraining order.  Barrett did not submit any supporting declaration.  On June 30, 2017, the superior court held a hearing on Barrett's motion and determined it needed more information from Barrett before it could lift the

restraining order. The superior court denied Barrett's motion to lift the restraining order without prejudice and reserved a determination of attorney fees. The superior court ordered Barrett to provide a sworn declaration, treatment records, evaluations, and a current domestic violence evaluation.

After two continuances, the superior court held another hearing on Barrett's motion on September 29, 2017. Barrett appeared at the hearing without his attorney and requested a continuance. The superior court expressed frustration over the delays and that Barrett had still not filed any documentation supporting his motion to lift the restraining order. The superior court denied the motion for a continuance and the motion to lift the restraining order and awarded Escarcega $3,972.71 in attorney fees.[1] Later, Barrett filed a motion for reconsideration, which the superior court denied.

Barrett appeals the superior court's award of attorney fees.

ANALYSIS

I. ATTORNEY FEES- TRIAL

Barrett argues that the superior court erred by awarding Escarcega attorney fees without properly considering Escarcega's need and Barrett's ability to pay.[2] Escarcega responds that under

---

[1] The superior court entered a nunc pro tunc corrected order clarifying that Barrett's motion to lift the restraining order was denied without prejudice.

[2] To the extent Barrett attempts to argue that the superior court judge was biased against him or predetermined the fee award, Barrett does not provide sufficient argument or citation to legal authority to support his claim. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (appellate court need not consider claims that are inadequately argued or unsupported by relevant authority). Moreover, the record does not support that the superior court judge was biased against Barrett.

RCW 26.50.060(1)(g), the superior court was not required to consider need or ability to pay. Because this case arises under chapter 26.09 RCW and not chapter 26.50 RCW, we agree with Barrett.

We must first determine under what chapter the superior court in 2002 entered the permanent restraining order against Barrett. As relevant here, a restraining order can be based on RCW 26.09.050 or RCW 26.50.060. A restraining order issued under RCW 26.50.060 is labeled an "order of protection." A restraining order issued under RCW 26.09.050 is issued during proceedings for dissolution of marriage or legal separation. In actions arising under chapter 26.50 RCW, the superior court may exercise its discretion and order the respondent to pay attorney fees and court costs. RCW 26.50.060(g). In actions arising under chapter 26.09, the superior court may only award fees and costs after considering the needs of the requesting party against the other party's ability to pay. RCW 26.09.140.

Here, the superior court entered the "permanent restraining order" at the conclusion of a trial regarding custody of Barrett's and Escarcega's five children. Clerk's Papers at 139, 162. The order contained the warning mandated by RCW 26.09.050(2). *See State v. Turner*, 118 Wn. App. 135, 140, 74 P.3d 1215 (2003) (determining that an order was issued under chapter 26.09 and not chapter 26.50, in part, because it contained the warning required by RCW 26.09.060). We hold that the permanent restraining order was issued under chapter 26.09, and thus, the superior court's award of attorney fees is governed by RCW 26.09.140.

We must next determine whether the attorney fee award met the requirements of RCW 26.09.140. "We review statutory attorney fee award decisions for an abuse of discretion." *In re Marriage of Coy*, 160 Wn. App. 797, 807, 248 P.3d 1101 (2011). RCW 26.09.140 authorizes the trial court to award fees and costs "'after considering the financial resources of both parties.'" *Coy*, 160 Wn. App. at 807 (quoting RCW 26.09.140). The primary considerations for an award of fees under RCW 26.09.140 are equitable. *In re Marriage of Van Camp*, 82 Wn. App. 339, 342, 918 P.2d 509 (1996). "Lack of findings as to either need or ability to pay requires reversal." *In re Marriage of Steadman*, 63 Wn. App. 523, 529, 821 P.2d 59 (1991).

Here, neither the superior court's oral ruling nor its written order awarding fees reflects any consideration of Barrett's ability to pay or Escarcega's need. As a result, we hold that the trial court failed to develop an adequate record for appellate review of a fee award. *See In re Marriage of Bobbitt*, 135 Wn. App. 8, 31, 144 P.3d 306 (2006). Consequently, we remand for entry of findings of fact and conclusions of law regarding the attorney fee award.

APPELLATE ATTORNEY FEES

Escarcega requests that we award her attorney fees and expenses on appeal "as authorized by RAP 18.1." Br. of Resp't at 8. RCW 26.09.140 permits a court to order a party to pay a reasonable amount for the cost to the other party after considering the financial resources of both parties. Escarcega filed a financial declaration indicating financial need. We grant Escarcega's request for attorney fees and costs for defending against Barrett's appeal.

No. 51273-4-II

In conclusion, we remand for entry of findings and conclusions regarding the trial attorney fee award and grant Escarcega's request for appellate attorney fees and costs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
MELNICK, P.J.

_____
GLASGOW, J.