# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

DAVID SUTHERLAND,

Appellant,

v.

ANNA MARIA SUTHERLAND,

Respondent.

No. 57011-4-II

UNPUBLISHED OPINION

CHE, J.—David Sutherland appeals an order awarding Anna Sutherland attorney fees after a relocation trial. The Sutherlands had a parenting plan, which allowed Anna, the parent with the majority of the residential time with their children, to petition to relocate. Anna petitioned to relocate to Ohio and David objected. Before the relocation hearing, Anna submitted a financial declaration showing that her monthly expenses exceeded her income. David did not submit a financial declaration. The trial court granted Anna's petition to relocate and awarded her the balance of her unpaid attorney fees and costs based on the financial resources of the parties under RCW 26.09.140. The final written order did not mention intransigence.

We hold that the trial court did not abuse its discretion by awarding Anna attorney fees based on the parties' financial resources under RCW 26.09.140. Because the written order awards fees and costs solely based on the parties' financial resources, we decline to reach the

parties' arguments regarding intransigence. Because we do not remand, we do not reach whether David is entitled to a new judicial officer on remand. We affirm and grant Anna's request for attorney fees on appeal under RCW 26.09.140.

FACTS

David and Anna were married in 2014. They have three children together. On March 17, 2021, they divorced. As part of the divorce decree, Anna received fifty percent of the equity in their home. Under the parenting plan, Anna and David had joint decision-making responsibility for their children's education and health care, but the children would spend the majority of their time with Anna. The children would be with David between 4:00 p.m. Saturday and 6:00 p.m. Sunday every week and additional time as agreed.

On May 24, 2021, Anna filed a notice of intent to move with the children from Vancouver, Washington to North Royalton, Ohio and moved for a temporary order allowing her to move before the relocation trial. David filed an objection regarding Anna's proposed relocation. The trial court entered a temporary order allowing Anna and the children to move before the relocation trial began.

On March 24, 2022, Anna filed a financial declaration showing that her monthly expenses exceeded her monthly income. The declaration also showed that Anna had a total monthly income of $3,059.17 ($1,398.00 from wages, $1,350 from spousal support, $450 from child support, and $138.83 in deductions). Anna also had total monthly expenses of $3,093.49 ($716.84 from housing, $333.96 from transportation, $165.19 from utilities, $150 in personal expenses, $530 from food and household supplies, $1,072.50 from childcare, and $125 from health care).

The declaration also showed that Anna had $63,140.04 in cash, which came from Anna's portion of the equity in the marital home. The declaration additionally showed that Scott Whitlock—who helped Anna's brother immigrate to the United States and reconnected with Anna in 2020—had paid $57,352.48 of Anna's attorney fees.

During the relocation bench trial, Anna testified about her financial need. Specifically, Anna testified that when she moved to Ohio, she worked for Transponder Island, which paid her $13 per hour. She left that job and began working part time at a bakery for the same pay to be closer to the children's daycare. Anna testified that she used to work as a caregiver but needs to retake some classes to become qualified for that job.

Whitlock testified that he expected to spend about $80,000 for Anna's legal representation. Whitlock also stated that the $57,352.48 he had already paid for attorney fees was a gift to Anna. Whitlock anticipated that Anna would pay him back if she was awarded fees. During Whitlock's testimony, Anna began to raise a question to the court about intransigence, and the court stated,

> I do not find there's intransigence at this point. It would be a really hard thing to find, so you can go ahead and go forward with that but from the evidence that we've received thus far in the case, I can't see how that would even be an issue.

Rep. of Proc. (RP) at 283-84.

After hearing the evidence, the trial court granted Anna's request to relocate. In discussing whether Anna should bear David's costs for traveling to visit the children, the trial court stated that Anna didn't have the money based on her financial statement. The trial court stated,

3

[T]he statute doesn't allow for that anyway . . . but I don't even know where—I don't know where she'd come up with the money. You saw [Anna's] financial statement.

. . . .

I don't have a clear picture of Father's financials, but I don't know if we ever even saw his information regarding his military, but he's got—he's got a very large supplement income there. I'm pretty fairly certain . . . you know, he says he's currently still, you know, doing drill or whatever, that's—they get—he gets a good paycheck for that, so, you know, for that portion plus he is working and, yes, he will have a nursing degree so he does have significantly more resources than Mother has, but I'm still just doing proportional share.

RP at 470-472.

At a subsequent hearing related to the entry of the final order, David's attorney argued that RCW 26.09.140 cannot be based on "what the court has indicated has been akin to harassment. It is a need versus ability." RP at 503. The trial court responded, "I [] already ma[d]e my record at trial. It is regarding ability to pay, and it's also regarding intransigence." RP at 503. The trial court did not make findings or explain what conduct constituted intransigence, if any, at the hearing.

The trial court entered its final written order, which mandated David to pay $28,371.44 in attorney fees and $798.60 in court costs. The trial court found,

*Anna Sutherland* paid fees and costs and needs help to pay those fees and costs. *David Sutherland* has the ability to help pay fees and costs and should be ordered to pay the amount as listed in the Money Judgment in section **13** below. These fees ordered are over and above the total amount paid/gifted by Scott Whitlock. The court finds that the amount ordered is reasonable.

Clerk's Papers at 277. The trial court also found that Anna's reasons for moving and David's reasons for objecting were given in good faith. The order did not mention intransigence.

David appeals.

ANALYSIS

I. BASIS FOR ATTORNEY FEE AWARD

A.     *Disparate Financial Resources*

David argues the trial court erred in granting attorney fees because there is not sufficient evidence to award fees under RCW 26.09.140. We disagree.

Under RCW 26.09.140, courts may award attorney fees and costs for maintaining or defending proceedings associated with dissolution matters after considering the financial resources of the parties. We review awards of attorney fees under RCW 26.09.140 for an abuse of discretion. *In Re Marriage of Laidlaw*, 2 Wn. App. 2d 381, 386, 409 P.3d 1184 (2018). When the trial court's decision is manifestly unreasonable or based on untenable grounds, the court abuses its discretion. *Id.* at 386. "'To withstand appeal, a fee award must be accompanied by findings of fact and conclusions of law to establish a record adequate for review.'" *Id.* at 392 (quoting *Eagle Point Condo. Owners Ass'n v. Coy*, 102 Wn. App. 697, 715, 9 P.3d 898 (2000)). "Unchallenged findings of fact are verities on appeal." *Id.* at 386.

"The primary considerations in awarding fees in a dissolution action are 'the need of the party requesting the fees, the ability to pay of the party against whom the fee is being requested, and the general equity of the fee given the disposition of the marital property.'" *In re Marriage of Davison*, 112 Wn. App. 251, 259, 48 P.3d 358 (2002) (quoting *In Re Marriage of Van Camp*, 82 Wn. App. 339, 342, 918 P.2d 509 (1996)). "Need in this sense does not necessarily mean destitution or poverty but it does mean an absence of funds and a lack of ability to get them without extreme hardship." *Coons v. Coons*, 6 Wn. App. 123, 126, 491 P.2d 1333 (1971).

To that end, "[c]onsideration of the financial need and ability to pay of the parties in light of the financial affidavits, declarations, and trial testimony is sufficient to support an award of attorney fees." *Laidlaw*, 2 Wn. App. 2d at 393; *Mansour v. Mansour*, 126 Wn. App. 1, 17, 106 P.3d 768 (2004) (wife's request for attorney fees under RCW 26.09.140 granted where the wife filed an affidavit of financial need and the husband did not counter with an affidavit demonstrating his inability to pay).

Here, David did not assign error to the trial court's factual findings in its written order that Anna had financial need, and he had the ability to pay. As such, it is a verity on appeal that Anna demonstrated financial need, and David had the ability to pay. Consequently, we hold that the trial court did not abuse its discretion by awarding Anna attorney fees under RCW 26.09.140.

Even if David properly challenged the findings, there is sufficient evidence in the record to support them. Anna's financial declaration showed that Anna's monthly expenses exceeded her monthly income. And there was testimony that directly addressed Anna's financial need. David failed to counter with an affidavit or testimony demonstrating his inability to pay. Consequently, the trial court properly considered the parties' financial need and ability to pay based on an affidavit and trial testimony.

David argues that Anna did not show financial need because (1) she had around $64,000 of cash from the sale of the house in the divorce proceedings,[1] (2) Whitlock would have paid the

---

[1] Anna argues that David waived this argument by not raising it below (citing *Singh v. Zurich Am. Ins. Co.*, 5 Wn. App. 2d 739, 757-58, 428 P.3d 1237 (2018)). In *Singh*, the court declined to reach an argument because the appellant failed to object at trial. 5 Wn. App. 2d at 757-58. Here, David objected to the award of attorney fees as there was insufficient evidence to show Anna had financial need. While we recognize the objection could have been more specific, we hold that David's objection was sufficient to preserve the argument that Anna did not have financial need because she had access to part of the proceeds of the house.

rest of Anna's fees, and (3) equity weighs against awarding Anna fees because she could have revealed her desire to relocate during the dissolution proceedings instead of filing for relocation months afterward, causing an unnecessary second lawsuit.

First, we note that "[a] spouse's receipt of substantial property or maintenance does not preclude the spouse from also receiving an award of attorney fees and costs when the other spouse remains in a much better position to pay." *In re Marriage of Morrow*, 53 Wn. App. 579, 590, 770 P.2d 197 (1989). Rather, courts have abused their discretion by granting attorney fees to a spouse who received a majority of the parties' total assets and was in a better position to pay while the other spouse had a serious financial burden. *Id.* While Anna had some cash available, her financial affidavit demonstrated an ongoing financial loss. And David failed to submit an affidavit of need. Moreover, Anna demonstrated financial need by showing her expenses exceeded her income. Her former job and present job in Ohio paid only $13 per hour. Anna's job prospects in terms of potential to make higher income did not appear to be robust, but she did note that she could retake some classes to become a caregiver. Consequently, we disagree that the trial court abused its discretion by awarding fees to Anna under RCW 26.09.140 even though she had funds from her portion of the proceeds from the sale of the marital home.

Second, we disagree that Anna did not demonstrate financial need merely because Whitlock indicated willingness to gift her the cost of her prospective legal expenses. Whitlock paid $57,352.48 of Anna's attorney fees before the relocation trial began. Whitlock testified that the payment of her fees was a gift, and that he expected to spend around $80,000 on Anna's legal fees. But Whitlock also stated, if Anna received attorney fees, he would anticipate her paying him back to some degree.

The trial court considered Whitlock's previous payments of legal expenses and willingness to pay a certain amount of prospective legal expenses, including the possible reimbursement for those legal expenses paid as a financial resource under RCW 26.09.140. To the extent that Whitlock had already paid $57,352.48 of the attorney fees, Whitlock's prior payments and future willingness to reimburse Anna's future legal expenses were properly considered a financial resource of Anna. But even in light of such a financial resource, the trial court did not abuse its discretion by awarding attorney fees merely because Whitlock could have potentially payed for Anna's prospective attorney fees.

Whitlock is a third party non-relative. While Whitlock expressed a willingness to pay Anna's future attorney fees, Whitlock has no legal obligation to do so. Anna's ability to rely upon a non-relative third party's willingness to do something in the future is tenuous and makes this situation unlike those where a close family member or relative pays or gifts a party's attorney fees. And, Whitlock had some expectation that Anna would pay back the funds if she was awarded attorney fees, which puts into question how significant of a financial resource Whitlock's potential future payments are. Also, the trial court exercised its discretion and awarded attorney fees and costs only above the amount already paid by Whitlock. Under these circumstances, we hold that the trial court did not abuse its discretion.

Lastly, we reject the argument that Anna failed to demonstrate need because she "created the need for a second lawsuit." Reply Br. of Appellant at 24. David appears to argue that Anna could have raised her desire to relocate at the dissolution proceeding, two months before she filed her notice to relocate. David seems to premise this argument on the contention that Anna hid her desire to relocate to Ohio during the dissolution proceedings simply to spring a surprise

8

relocation trial on him, and because of this deceptive conduct, equity weighs against awarding Anna attorney fees. David does not cite the record to show evidence of such a deceptive intent.

As to any alleged nefarious intent Anna had for filing for relocation two months after the parenting plan was entered, the trial court made the unchallenged finding that Anna's reasons for moving were given in good faith. That finding is a verity on appeal. We disagree that equity weighs against awarding Anna fees because she exercised her right to petition for relocation.

In sum, we hold that the trial court did not abuse its discretion by awarding attorney fees under RCW 26.09.140.

B.     *Intransigence*

David argues the trial court abused its discretion by awarding attorney fees based on intransigence as there was insufficient evidence to support such an award. David also argues that even if the trial court did not abuse its discretion, we should remand for the court to segregate the portion of the fee award based on intransigence. We decline to reach the parties' arguments on this point because the trial court did not award fees based on intransigence.

"[A] written order controls over any apparent inconsistency with the court's earlier oral ruling." *Shellenbarger v. Brigman*, 101 Wn. App. 339, 346, 3 P.3d 211 (2000).

Here, the trial court did not award fees based on intransigence in its written order. The trial court awarded fees based only on the financial resources of the parties in its written order. Moreover, in the written order, the trial court explicitly found that David's reasons for objecting were given in good faith. Because the written order controls, we decline to reach the arguments regarding intransigence and the related segregation argument.

9

## II. REMAND TO A NEW JUDGE

David argues that this matter must be heard by a new judicial officer on remand due to the trial judge's lack of impartiality. Because we do not remand, we decline to reach whether David is entitled to a new judicial officer on remand.

## III. FEES ON APPEAL

David requests attorney fees and costs on appeal and attorney fees on remand under RCW 26.09.140. Anna argues she is entitled to attorney fees on appeal under RCW 26.09.140 and due to David's intransigence below. Both parties filed financial affidavits as required by RAP 18.1(c).

We may award fees on appeal under RAP 18.1(a)-(b), if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review" and the party properly requests it. In determining whether to grant attorney fees on appeal under RCW 26.09.140, we consider "'the parties' relative ability to pay' and 'the arguable merit of the issues raised on appeal.'" *In re Marriage of Muhammad*, 153 Wn.2d 795, 807, 108 P.3d 779 (2005) (quoting *In re the Marriage of Leslie*, 90 Wn. App. 796, 807, 954 P.2d 330 (1998)). Generally, we award costs to the party who substantially prevails on review. RAP 14.2.

As we affirm, the arguable merit of the issues on appeal supports granting fees on appeal to Anna. The parties' relative financial resources also support granting fees to Anna. Anna worked at a pastry shop earning $14 per hour, but she was laid off in May 2023. *Financial Declaration of Anna Sutherland* (June 12, 2023). David did submit an affidavit supporting his request for fees on appeal showing his expenses exceed his income, but David does have military employment in the healthcare sector and, as of the relocation trial, was in a nursing program.

10

No. 57011-4-II

Moreover, based on the declarations submitted, it appears that Anna's recurring monthly loss is greater than David's monthly loss.

We exercise our discretion to grant Anna attorney fees on appeal under RCW 26.09.140, subject to compliance with RAP 18.1(d). We decline to grant Anna attorney fees based on intransigence. And we decline David's request for costs as he does not substantially prevail.

CONCLUSION

We affirm the trial court and grant Anna's request for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, P.J.

Price, J.